UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SRIMAL PRADEEP PRIYANKARA
ABEYSINGHE HERATH
MUDIYANSELAGE,

           Petitioner,

    v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY et al.,

           Respondent.

No.  1:26-cv-02969-DAD-DMC (HC)

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

This matter is before the court on petitioner's motion for temporary restraining order. (Doc. No. 4.)  For the reasons explained below, petitioner's motion will be denied.

**BACKGROUND**

Petitioner, a citizen of Sri Lanka, entered the United States on or about December 6, 2021 on an A-2 visa as a foreign government official or employee to attend a miliary school in this country.  (Doc. No. 8-3 at 2–3.)  On July 22, 2022, the Department of the Navy reported petitioner as absent without leave in violation of the terms of his A-2 visa.  (*Id.* at 3.)  On August 3, 2022, the Department of the State revoked petitioner's visa.  (*Id.*)  On April 11, 2024, petitioner filed an application for asylum.  (Doc. No. 1-1 at 3–18.)  On September 24, 2025, petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents pursuant to a warrant.  (Doc.

1

No. 1-3 at 2.)  On the same day, immigration officials issued a notice to appear ("NTA") for petitioner.  (Doc. No. 8-3 at 2.)  On October 16, 2025, petitioner's asylum application was denied because the filing of the NTA stripped the United States Citizenship and Immigration Services of jurisdiction over his application.  (Doc. No. 1-1 at 2.)  On April 17, 2026, a superseding NTA was issued after the previously-issued NTA was determined to be defective because it was issued by an unauthorized immigration official.  (Doc. Nos. 1-6 at 3; 8-2 at 1.)

On April 20, 2026, petitioner, proceeding through counsel, filed a motion for temporary restraining order seeking his immediate release from ICE custody.  (Doc. No. 4.)  On April 23, 2026, respondents filed their opposition.  (Doc. No. 8.)  On April 24, 2026, petitioner filed a reply in support of the pending motion.  (Doc. No. 10.)  On April 30, 2026, the court ordered supplemental briefing.  (Doc. No. 11.)  On May 1, 2026, the parties filed supplemental briefing as directed.  (Doc. Nos. 12, 13.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  *Id.* at 1134–35 (citation

2

omitted).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor.  *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).  Thus, plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised."  *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

In the motion for temporary restraining order, petitioner argued that his detention violates due process because there is no valid charging document justifying his detention.  (Doc. No. 4 at 3.)  Specifically, he contended that:  (1) the government dismissed the NTA as invalid for being signed by an unauthorized official; and (2) the contents of the NTA were never explained to petitioner his native language.  (Doc. No. 4 at 3.)  In their opposition, respondents filed proof that a superseding NTA was filed after the previously-filed NTA was dismissed.  (Doc. No. 8-6 at 1.)  In reply, petitioner now contends that his detention still violates due process because the superseding NTA was only read to him in English, not his native language thereby failing to provide him adequate notice of the basis for his detention.  (Doc. No. 10 at 3.)

In support of his argument that the superseding NTA is invalid because it was not read to him in his native language, petitioner relies upon the decision in *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155–56 (9th Cir. 2004), where the court noted that § 242B(e)(1), codified at former 8 U.S.C. § 1252b, provided relief for immigrants who were removed *in absentia* if they were not provided oral notice of the time and place of their deportation hearing.  (Doc. No. 10 at 3.)  Petitioner's reliance on *Flores-Chavez* under the circumstances of his case is misplaced because: (1) § 242B(e)(1) applied in post-removal proceedings and neither party argues petitioner is

3

presently in post-removal proceedings; and (2) § 242B was repealed almost 30 years ago. *See* 8 U.S.C. § 1252b, repealed September 30, 1996. The court in *Flores-Chavez* acknowledged that "[c]urrent law does not require that the Notice to Appear, which replaced the OSC when INA section 239 replaced section 242B, be in any language other than English." *Id.* at 1156 n.4. The current provisions governing NTAs, and what they must include, is codified at 8 U.S.C. § 1229. *See Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004) ("In addition, the notice must include seven specified elements, including, *inter alia,* the nature of the proceedings, the conduct that is alleged to be in violation of the law, and the date and time of the proceedings. IIRIRA also requires that if there is any change or postponement in the time and place of removal proceedings, the INS must provide notice of such a change, as well as notice of the consequences of failing to attend the proceedings.") (citation omitted). The contents of NTAs need not be explained to the petitioner in any language other than English. *Sandoval-Paniagua v. Sessions*, 691 F. App'x 482, 483 (9th Cir. 2017) ("There is no statutory or regulatory requirement that the contents of the NTA be explained to a petitioner[.]"); *see also Barbosa v. Filip*, 308 F. App'x 822, 824 (5th Cir. 2009) ("The requirements regarding the notice at issue in the instant case, the NTA, are detailed at 8 U.S.C. § 1229(a)(1). Section 1229(a)(1) does not explicitly require that the NTA be in any language other that [sic] English.").

As noted above, petitioner's argument advanced here is rooted in due process. (Doc. No. 10 at 3–4.) Other courts have concluded that due process is not implicated when the contents of an NTA are not explained to the detainee in a language other than English. *Salazar v. Keisler*, 257 F. App'x 45, 47 (9th Cir. 2007) ("An alien has no due process right to notice of a removal hearing in the alien's native language."); *Segura-Felipe v. Holder*, 384 F. App'x 519, 523 (7th Cir. 2010) (stating that "it is not clear why oral notice in one's native language would be required: the statute he cites does not require it, *see* 8 U.S.C. § 1229(a)(1), nor does due process" where immigrant argued that he did not receive adequate notice of the charges against him because it was not translated from English) (citation omitted).

Therefore, the court concludes that petitioner is not likely to succeed on the merits of his claim that his detention violates due process. Because petitioner has not carried his burden of

4

establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney*, 869 F.3d at 856).

**CONCLUSION**

For the reasons explained above:

1.      Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED; and

2.      The petition for writ of *habeas corpus* (Doc. No. 1), is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **May 6, 2026**                          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE