UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRIMAL PRADEEP PRIYANKARA ABEYSINGHE HERATH MUDIYANSELAGE, A-242-314-944 | No.  1:26-cv-02969-DAD-DMC-HC |
| Petitioner, | ORDER |
| v. | |
| WARDEN CALIFORNIA CITY DETENTION FACILITY et. al., | |
| Respondents. | |

Petitioner, an immigration detainee who is proceeding with retained counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a motion for temporary restraining order. See ECF Nos. 1 and 4. The District Judge denied the motion for temporary restraining order. See ECF No. 14. Pending before the Court is Petitioner's motion to amend the petition for writ of habeas corpus. See ECF No. 15. Respondents filed an opposition. See ECF No. 16.

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

Petitioner asserts that in briefing Petitioner's motion for temporary restraining order, "undersigned counsel discovered a new claim to habeas relief that demonstrates that Mr. Abeysinghe has been unlawfully detained by Respondents" and, after briefing of the motion for temporary restraining order concluded, "undersigned counsel appeared in immigration court and objected to the newly issued NTA on May 4, 2026, an objection that the immigration court overruled." ECF No. 15, pg. 3. Accordingly, Petitioner filed the pending motion, along with the proposed amended habeas petition, which asserts additional facts underlying Petitioner's claims. See id. and ECF No. 15-2. Petitioner argues that this is Petitioner's first attempt to amend his petition, Respondents are not prejudiced by amendment, Petitioner's "request to amend is neither unduly delayed nor made in bad faith," and finally, amendment would not be futile. Id. at 5-8.

Respondents oppose Petitioner's motion, arguing

> Only after Judge Drozd signaled to Petitioner the weakness of his claims did he seek to amend his Petition to bolster his allegations and assert new claims unrelated to his pending claims he could have raised but chose not to. This is *bad faith*. *See Eidem v. Vang*, No. 1:23-CV-01198-JLT-EPG (PC), 2026 WL 861568, at *4 (E.D. Cal. Mar. 30, 2026) ("The Court finds bad faith to the extent that Plaintiff is attempting to assert new claims that are wholly unrelated to his pending claims in this case"), report and recommendation adopted, 2026 WL 1377257 (E.D. Cal. May 15, 2026).

ECF No. 17, pgs. 1-2 (emphasis in original).

Next, Respondents contend that "Petitioner could have raised his liberty interest claims when he filed his Petition," amendment "would be futile because the amended petition still asserts an unexhausted claim," and because Respondents have already filed responsive pleadings, Respondents would be prejudiced by Petitioner filing an amended petition.

> Finally, Respondents willingness to agree to dismissal without prejudice cannot be used against them. Respondents recognize that if Petitioner's detention continues and his removal proceedings progress, Petitioner's detention could become lengthy, or he could be ordered removed. These are changed circumstances. Thus, dismissal without prejudice makes sense if Petitioner later decides to make a *different* claim based on *new facts* and circumstances.

Id. at 3 (emphasis in original).

2

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Here, Petitioner's original petition asserted two claims for relief: (1) violation of the Fifth Amendment and (2) violation of the Immigration and Nationality Act (INA). See ECF No. 1, pg. 6. The District Judge summarized Petitioner's claims for relief in the original petition and motion for temporary restraining order as follows:

> . . . petitioner argued that his detention violates due process because there is no valid charging document justifying his detention. (Doc. No. 4 at 3.) Specifically, he contended that: (1) the government dismissed the NTA as invalid for being signed by an unauthorized official; and (2) the contents of the NTA were never explained to petitioner his native language. (Doc. No. 4 at 3.) In their opposition, respondents filed proof that a superseding NTA was filed after the previously-filed NTA was dismissed. (Doc. No. 8-6 at 1.) In reply, petitioner now contends that his detention still violates due process because the superseding NTA was only read to him in English, not his native language thereby failing to provide him adequate

3

notice of the basis for his detention. (Doc. No. 10 at 3.)

ECF No. 14, pg. 3.

In the proposed amended Petitioner, Petitioner still asserts two claims for relief, alleging a violation of Petitioner's due process rights and the INA. See ECF No. 15-2, pgs. 7-8. However, the factual allegations underlying Petitioner's claims have changed, as follows:

> because Mr. Abeysinghe's original NTA was dismissed, and he continued to be detained until a new NTA was re-issued against him, he was deprived of his due process rights. He was held without a charging document in place. He is entitled to immediate release to protect his liberty interest.

> 32. Additionally, because Mr. Abeysinghe's current NTA still has not been read to him in the Sinhalese language, the language he understands best, the operative charging document is still not valid.

> [¶33 and 34 omitted]

> 35. Mr. Abeysinghe is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) because Respondents have attempted to issue a new NTA against him. The fact that DHS and EOIR have has declined to conduct a custody redetermination hearing, following the dismissal and reissuing of the NTA, violates the Immigration and Nationality Act.

> Id.

The undersigned finds there is a reasonable relationship between the original and amended pleadings. Given the deluge of habeas actions filed in this District, the undersigned finds allowing Petitioner to amend his complaint here, in lieu of requiring Petitioner to file a new action, is in the interest of judicial economy, will promote the speedy resolution of the entire controversy, and will not delay adjudication on the merits. Next, the undersigned does not find there has been delay in seeking leave to amend as Petitioner filed the motion to amend the petition the same day the District Judge denied the motion for temporary restraining order, just three days after Petitioner's counsel appeared in immigration court to object to Petitioner's new notice to appear. Further, Petitioner provided the proposed amended petition in the pending motion, reducing any further delay.

Respondents argue Petitioner's motion to file an amended petition is filed in bad faith because Petitioner sought to amend the petition only after his motion for temporary restraining order was denied. See ECF No. 17, pgs. 1-2. The undersigned disagrees. First,

4

Respondents' reliance on Eidem v. Vang, No. 1:23-CV-01198-JLT-EPG (PC), 2026 WL 861568, at *4 (E.D. Cal. Mar. 30, 2026) is misplaced. There, the Court found bad faith "to the extent that Plaintiff is attempting to assert new claims that are wholly unrelated to his pending claims in this case." However, Respondents here do not claim Petitioner is making claims "wholly unrelated to his pending claims." Indeed, Respondents claim Petitioner could have included these arguments in the original petition. Respondents cite Feci v. Burton, No. 22-CV-00878-KJM-CKD, 2022 WL 3081166, at *4 (E.D. Cal. Aug. 3, 2022), arguing Petitioner could have raised these claims in the original petition, "the courts in this district and district courts across the United States routinely adjudicate the same liberty interest claims Petitioner now seeks to add," and Petitioner did not explain why he did not raise the claim in the original petition. ECF No. 17, pg. 2.

The undersigned does not find bad faith here as Petitioner's counsel explains that, in briefing the motion for temporary restraining order, Petitioner's counsel learned new information and since the filing of that motion, Petitioner's counsel appeared on behalf of Petitioner in immigration court to address Petitioner's Notice to Appear issued April 17, 2026. Additionally, Feci is readily distinguishable because the petitioner there had already amended the petition once and further amendment was denied when petitioner sought amendment almost two years after initiating action. See Feci v. Burton, No. 22-CV-00878-KJM-CKD, 2022 WL 3081166, (E.D. Cal. Aug. 3, 2022). This is Petitioner's first request for amendment and Petitioner filed the proposed amended petition only seventeen days after filing the original petition.

Next, Respondents argue amendment is futile because "it contains unexhausted claims regarding Petitioner's individualized bond hearing under 8 U.S.C. § 1226(a)." ECF No. 17, pg. 2. If amendment does not cure deficiencies in a dismissed claim, a district court may deny a request to amend as amendment would be futile. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir. 2011); Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir. 1990). Here, Petitioner asserted his claim for a bond hearing in the original petition, ECF No. 1, pg. 6 (under Petitioner's Violation of the Immigration and Nationality Act claim: "Mr. Abeysinghe is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)").  In their joint answer and opposition to injunctive relief, Respondents did not argue

5

that claim was unexhausted, see ECF No. 8, and the District Judge did not consider whether that claim was unexhausted, see ECF No. 14. Given the Court did not previously dismiss Petitioner's claim for failure to exhaust, futility is not relevant to the analysis here.

Finally, prejudice is the most important factor in considering whether amendment is appropriate. See Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (holding "[w]hile all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party). The undersigned does not find Respondents will be prejudiced by amendment. "The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted). Actual prejudice exists when "actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. Delay alone has been held to be insufficient to be prejudice." Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990) (internal citations omitted).

Respondents argue there is prejudice because "Respondents will have to file further responsive pleadings in a case where Respondents have already answered the Petition and successfully defended a TRO, otherwise Respondents forfeit a response to Petitioner's new claims." ECF No. 17, pg. 3. The undersigned does not find that Respondents establish prejudice here. Though Respondents are correct that they will have to file further responsive pleading, Respondents will be allowed time to file such responsive pleading. Respondents will have a full and fair opportunity to oppose Petitioner's claims. Further, Respondents raise a new argument in their opposition to the instant motion (exhaustion) and allowing Respondents to file a responsive pleading would provide Respondents the opportunity to properly raise such argument. Thus, Petitioner's motion to amend the petition will be granted and a briefing schedule will be set herein.

///
///
///
///
///

6

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion to amend the petition, ECF No. 15, is GRANTED;

2. Petitioner's proposed amended petition, ECF No. 15-2, is deemed the operative petition;

3. Respondents are directed to file an answer/return within 21 days from the date of this order. If an answer/return is filed, Respondents shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.

4. Petitioner's reply/traverse, if any, is due within 14 days after being served a copy of Respondents' answer/return.\

Dated: June 5, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7