UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRIMAL PRADEEP PRIYANKARA ABEYSINGHE HERATH MUDIYANSELAGE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-02969-DAD-DMC (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. No. 22) |

Petitioner Srimal Pradeep Priyankara Abeysinghe Herath Mudiyanselage is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 15-2) be granted. (Doc. No. 22.) Specifically, the magistrate judge first determined that prudential exhaustion should be waived here because petitioner raises a constitutional claim that could not be properly resolved before an immigration judge. (*Id.* at 4–5.) The magistrate judge then found that petitioner's visa was revoked on August 3, 2022, but that he subsequently filed for asylum on

April 11, 2024 and was not detained until September 24, 2025. (*Id.* at 6.) The magistrate judge then concluded that petitioner had a protected liberty interest in his continued release because the government had made a decision not to detain petitioner when his asylum application was filed, relying primarily on the undersigned's decision in *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB,2026 WL 788112 (E.D. Cal. Mar. 20, 2026). (Doc. No. 22 at 6–9.) The magistrate judge found that petitioner's due process rights were violated when he was detained without a pre-deprivation hearing. (*Id.* at 9–11.) Moreover, he found that respondents did not comply with the express requirements of 8 U.S.C. § 1226(a) because the warrant for petitioner's arrest was issued prior to issuance of a Notice to Appear. (*Id.* at 12.) He therefore concluded that immediate release was the appropriate remedy in this case. (*Id.* at 13–14.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days of service. (*Id.* at 15.) On August 14, 2026, petitioner filed a notice of no objection to the pending findings and recommendations. (Doc. No. 23.) On August 21, 2026, respondents filed their objections. (Doc. No. 24.)

Respondents' objections, though many, simply fail to make any argument that was not already thoroughly addressed by the findings and recommendations. (*Id.* at 1–4.) Respondents' first objection is that exhaustion should not be waived because petitioner was required to exhaust an appeal of his bond hearing with the Board of Immigration Appeals prior to filing a habeas petition. (*Id.* at 1–2.) The court incorporates its prior discussion of why exhaustion should not be required with respect to due process challenges to the procedures employed by immigration authorities as set forth in *Ramirez v. Warden of Golden State Annex Detention Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that prudential exhaustion requirements should be waived in this action because any such exhaustion would be futile. Respondents then object without any citation to legal authority that petitioner cannot have developed a protected liberty interest from the government failing to detain him following the filing of his asylum application. (Doc. No. 24 at 2–3.) The magistrate judge already thoroughly analyzed respondents' legal arguments on this issue as well as their

baseless assertions that petitioner intentionally "evaded capture for years." (Doc. No. 22 at 6–9.) In light of respondents' failure to cite to any legal authority or any facts in the record to the contrary, the court rejects respondents' objections in this regard. Finally, respondents object to the finding that the *Matthews* factors tip in favor of petitioner's release. (Doc. No. 24 at 4.) Respondents provide no argument besides a conclusory statement that § 1226(a) provides sufficient procedure for petitioner to challenge his detention.[1] (*Id.*) This conclusory argument is deficient. In short, the court concludes that none of respondents objections provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on August 14, 2026 (Doc. No. 22) are ADOPTED IN FULL;
2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 15-2) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Srimal Pradeep Priyankara Abeysinghe Herath Mudiyanselage, A-File No. 242-314-944, from respondents' custody;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner poses a danger to the community or risk of flight by clear and convincing evidence;

/////

[1] The court does not address respondents' fourth objection regarding whether respondents properly complied with 8 U.S.C. § 1226(a) (Doc. No. 24 at 3–4) because its decision is predicated on respondents' violation of petitioner's due process rights by detaining him without a pre-deprivation hearing.

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 25, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE